### THOMAS H. CASH v. FIRST NATIONAL BANK OF McGREGOR.

Decided April 3, 1901.

**Laborer's Lien—Farm Crops—Monthly Wages.**

Under the Act of May 27, 1897 (Laws Twenty-fifth Legislature, page 218), a farm laborer working for the season at monthly wages payable at the completion of the agreed service, is entitled to fix a lien on the crop raised, on completing his season's labor, for the entire balance due, and not merely for his wages during the last month of his service.

Appeal from the County Court of McLennan. Tried below before J. Walter Cocke, Esq., Special Judge.

*John L. Dyer,* for appellant.

*L. W. Campbell,* for appellee.

FISHER, CHIEF JUSTICE.—Appellant, as plaintiff in the court below, on March 6, 1900, brought suit against Warren Compton and the First National Bank of McGregor, Texas, alleging that the defendant Warren Compton employed him, plaintiff, and his brother William F. Cash as farm laborers to make a crop on the farm of defendant Warren Compton, situate five miles north of Crawford, in McLennan County, Texas, for the year 1899, and agreed to pay each of them $20 per month for their labor from January 1, 1899, until September 1, 1899. The contract was a verbal one. The plaintiff averred that he and his said brother performed said contract period of service and each earned for said labor $160, for their eight months' labor; that said Compton advanced each of them the sum of $25.42 during the time they worked, leaving a balance of $134.58 due them on the completion of their contract, September 1, 1899. Plaintiff averred that he and his brother, as the result of their labor, cultivated 150 acres of corn for defendant Compton. Plaintiff averred that he and his brother each prepared, filed, and fixed a laborer's lien on September 6, 1899, on all the corn of defendant Compton grown, raised and produced by their labor upon his farms for the year 1899; this being done conformably with the act of the Legislature of 1897. Plaintiff averred that William F. Cash, for value, transferred, assigned, and delivered his claim on December 28, 1899, to him. Plaintiff alleged that the defendant bank, in the latter part of the year 1899, seized and

converted all of said property, to wit, said corn upon which plaintiff and his brother William F. Cash had their said laborer's lien, said property being of the aggregate value of $450, which seizure and conversion of said property by said defendant bank deprived plaintiff of his lien so he could not reach said property and rendered said bank liable for the value of said property upon which plaintiff and his brother had a prior lien. Plaintiff prayed for judgment against said Warren Compton and that his lien be established upon said property, and for judgment also against said bank as a conversioner of said property and for costs of suit.

The defendant Warren Compton appeared and answered by general denial.

The defendant bank, by its first amended original answer, answered by general exception and by five special exceptions and plead the general issue. All the exceptions, general and special, of the defendant bank were overruled, save and except its special exception number 2, which raised the question that the act of the Legislature of 1897, giving and creating laborer's liens, did not give and create a laborer's lien for a longer period than one month, and hence plaintiff had only a lien for his and his brother's claim for August, 1899, amounting to $40. The court having sustained this second exception, plaintiff reserved his exception to the ruling of the court.

There was a trial had before the court without a jury, and judgment rendered in favor of plaintiff against the defendant Warren Compton for $287.50, with interest from date at the rate of 6 per cent per annum, and against the defendant bank for $40, with 6 per cent interest from September 9, 1899, and for costs, etc.

The contest here is between the appellant and the bank as to who has the superior lien on the proceeds of the crop raised on the farm of Warren Compton for the year 1899. The appellant was a laborer on the farm of Compton under a contract whereby he and his brother, whose claim he owns, were to work on the farm from January, 1899, to September, 1899, at $20 per month, the whole sum to be payable in September. The bank contends that its mortgage lien executed by Compton is superior to the laborer's lien asserted by appellant under the act of the Twenty-fifth Legislature, passed May 27, 1897, and found upon page 218 of the session laws of that year. Except for the last month for which the appellant and his brother performed services as laborers upon the farm, the trial court held that the lien of appellee on the proceeds of the crop raised upon the farm was superior to that of appellant, and this ruling is the only question that it is necessary for us to pass upon. We can not agree with the trial court in this construction of the statute. In our opinion, the statute is broad enough in its terms to include a contract of the nature asserted by appellant, and that it was not the purpose of the law to limit the application of the statute to contracts of service that should be performed within a month.

For the reasons stated, the judgment of the court below will be affirmed as to Warren Compton and is reversed with instructions to the

trial court to render judgment in favor of appellant against appellee, foreclosing his lien on the proceeds of the crop and awarding a judgment in appellant's favor against the bank for the value of the crop converted by the bank, not to exceed the amount of appellant's judgment against Warren Compton.

*Affirmed in part and reversed with instructions in part.*