Gulf & Brazos Valley Railway Company v. H. M. Berry et al.

Decided February 21, 1903.

**1.—Laborer's Lien on Railroad—Limitations.**

Although the statute provides that the laborer's lien it gives for work done in the construction of any railroad shall cease to be operative in twelve months after the creation of the lien, if no steps be taken to sooner enforce it, yet limitations will not begin to run until the suit can be brought, and if the wages are payable in the future, not until the time specified has come. Rev. Stats., arts. 3312-3315, construed.

**2.—Same—Civil Engineer Not a Laborer.**

A civil engineer is not entitled to a lien for wages earned in the construction of a railroad under the statute giving a lien to "all mechanics, laborers and operatives who may have performed labor or worked with tools, teams or otherwise in the construction" of the road. Rev. Sats., art. 3212.

Appeal from the District Court of Palo Pinto.    Tried below before J. B. Keth, Esq., Special Judge.

*Matlock, Miller & Dycus,* for appellant.

*F. C. Highsmith* and *Stevenson & Ritchie,* for appellees.

STEPHENS, Associate Justice.—This appeal is from a judgment in favor of H. M. Berry, the original plaintiff, for balance due him for services rendered appellant as civil engineer in the construction of its railway from Peck City to Mineral Wells and thence to the Jack County line, with foreclosure of laborer's lien on that part of the road between Mineral Wells and the Jack County line; and also from a judgment in favor of J. B. Dillon, intervener, as assignee of certain promissory notes executed by appellant for "work and labor done with tools and teams" in the construction of said railway, with like foreclosure of laborer's lien.

Appellant contracted to pay these debts when it completed its road to the Jack County line, but about August, 1901, abandoned the undertaking, when by the use of proper diligence it might have completed the work within six months thereafter and before the institution of this suit, February 28, 1902.

That a suit to recover for wages is maintainable under such circumstances has been twice decided by this court and is no longer controverted by appellant.    Gulf & B. V. Railway Co. v. Barnett, 55 S. W. Rep., 896; Gulf & B. V. Railway Co. v. Winder, 26 Texas Civ. App., 263, 63 S. W. Rep., 1043.

The contention, however, now is, not that the suit was prematurely brought, as urged in the cases cited, but that it was not brought in time to preserve the lien given in article 3312 of the Revised Statutes, which, as provided in article 3315, "shall cease to be operative in twelve months after the creation of the lien, if no steps be sooner taken to enforce it." Article 3312 declares: "All mechanics, laborers and operatives who may have performed labor, or worked with tools, teams or otherwise, in

the construction, operation or repair of any railroad, * * * to whom wages are due or owing for such work, * * * shall hereafter have a lien prior to all others upon such railroad and its equipments for the amount due him (them) for personal services, or for the use of tools or teams." Article 3313 provides for the foreclosure of this lien by suit, and article 3314 prescribes the venue of such suits. Then follows the concluding article, 3315, already quoted, prescribing twelve months as the period of limitation for such suits. Read all together these several articles leave little room for doubt as to the intention of the Legislature expressed in the last one.

The only method provided for the enforcement of the lien is by suit, which is only maintainable after the labor is performed and after the "wages are due" (article 3313) ; and it would be unreasonable to suppose that the Legislature intended that limitation should begin to run before the suit could be brought. Any other interpretation might materially interfere with the right of a laborer to make contracts for the payment of his wages in future, and would fall far short of that liberal construction so uniformly extended to this class of statutes. Cash v. Bank, 26 Texas Civ. App., 109, 61 S. W. Rep., 723.

It is next insisted that a civil engineer is not entitled to a lien under this statute for wages earned by him as such in the construction of a railroad, and this position we think is well taken. That appellee Berry, who was appellant's chief engineer, claimed a lien for work done in the capacity of civil engineer, and that only, does not admit of controversy, for he himself testified that he "did work and performed all the services required of him as such chief engineer for said railway company and did survey, furnish levels and grades for the entire line of railway at the instance and request of defendant railway company."

It will be observed that our statute does not give a lien to every person who may have performed labor in the construction of a railroad, but only to "mechanics, laborers and operatives" who may have performed such labor. The question then is, does a civil engineer belong to any of these three classes? Clearly he is not a "mechanic" or "operative." It only remains to determine whether he is a "laborer" in the common acceptation of that term. We can not better express our view of this question than to quote from the opinion of the Supreme Court of Pennsylvania in the case of Railway Co. v. Leuffer, 88 Pa., 168, 24 Am. Rep., 189, in which a civil engineer claimed a lien under a statute in this respect entirely similar to our own, which was thus construed: "Whether the plaintiff can maintain his claim against the defendant depends upon whether he can bring himself within the class designated in the statute as 'laborers and workmen.' We are then to inquire what the Legislature intended by the use of these words. In seeking for this legislative intent we must give to the statute its common and ordinary signification. But ordinarily these words can not be understood as embracing persons engaged in learned professions, but rather such as gain their livelihood by manual toil. When we speak of the laboring or working classes, we

certainly do not intend to include therein persons like civil engineers, the value of whose services rests rather in their scientific than in their physical ability.   *   *   *   It is true, in one sense the engineer is a laborer; but so is the lawyer and the doctor, the banker and corporation officer, yet no statistician has ever been known to include these among the laboring classes."

Counsel for appellee Berry cites and relies upon the case of Van Frank v. Railway Co., 67 S. W. Rep., 688, decided by the Court of Appeals of St. Louis, Mo., but that case arose under a wholly different statute, and was for this reason there distinguished from the Pennsylvania case above cited, and also from the case of Todd v. Railway Co., 18 Law. Rep. Ann., 305, 52 Fed. Rep., 240, in line with it.  The statute construed in the Van Frank case did not limit its provisions to any particular class or classes of persons, but gave the lien to all persons doing work or furnishing material in the construction of a railroad.  As an additional authority for the view above expressed, see State v. Rusk, 55 Wis., 465, in which "laborers" was held not to include engineer corps.

It results that the judgment of the District Court should be affirmed, except as to the foreclosure of lien in favor of appellee Berry, but in that respect that it should be reversed and here rendered for appellant, with one half the costs of appeal taxed against appellee Berry.

*Affirmed in part; reversed and rendered in part.*

Writ of error refused.