L. G. Hales v. San Antonio, Uvalde & Gulf Railroad Company
et al.

No. 3124.   Decided March 22, 1922.

(238 S. W., 1106.)

1.—Railway—Construction—Lien—Contractor.

Article 5640, Revised Statutes, gives to a contractor performing labor with men and teams to grade the road bed of a railroad company a lien upon such road and its equipments for the price due him for such construction, this being work performed by him in the construction of its road bed, within the terms of the statute. Such lien is not limited to claims of laborers for wages. (P. 436).

2.—Same—Limitation—Pleading.

Article 5643, providing that the lien against a railroad given by article 5640 shall cease to be operative in twelve months after the creation of the lien, suit alone being a prerequisite to its enforcement, is merely a statute of limitations. "Operative" means "enforcible," and like other statutes of limitations the failure to sue within twelve months must be pleaded by defendant in bar, in order to avail as a defense against the lien. (P. 436, 437).

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Live Oak County.

Hales sued the S. A. U. & G. R. R. Co. and the receivers thereof to recover for work done in the construction of the road bed and establish a lien on the road and its equipment. He recovered judgment for the debt and lien, with direction to certify same to the Federal Court for classification and payment by the receivers. On appeal he was held entitled only to personal judgment against the company (196 S. W., 903) and thereupon he obtained writ of error.

W. W. Caves, Paul W. Evans, and John Baker, for plaintiff in error.

Your petitioner having performed labor and worked with tools, teams and otherwise, in the construction of the railroad of the defendant, for which labor performed and work of tools, teams and otherwise done, wages are owing, has a lien prior to all others upon such railroad and its equipments for the amount due him for his personal services and for the use of his tools and teams. Revised Statutes, Articles 5621, 5640; Van Horn Trading Co. v. Day, 148 S. W., 1129; Ft. Worth & D. C. Ry. Co. v. Read Bros. & M. 154 S. W., 1027; Texas Building Co. v. Collins, 187 S. W., 404.

Mason Williams and J. C. Hall, for defendants in error.

On the question whether or not it was necessary to plead limitation. McClellan v. Haley, 237 S. W., 627.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

Plaintiff in error, L. G. Hales, brought this suit against defendants in error San Antonio, Uvalde and Gulf Railroad Company and Duval West and A. R. Ponder as Receivers of the property of said Company, and against Word & Lee and J. E. Franklin, to recover a balance for labor performed by plaintiff in error, and for the use of teams and equipment with which he worked, in the construction of certain parts of the roadbed belonging to the San Antonio, Uvalde & Gulf Railroad Company.

It was alleged in substance by plaintiff in error that he entered into an oral contract, on or about August 15, 1912, with defendant in error, San Antonio, Uvalde & Gulf Railroad Company, acting through its agent J. S. Lee, of the firm of Word & Lee, whereby he, plaintiff in error, was to prepare and grade certain sections of the roadbed of said Railroad Company, for laying the track, furnishing all necessary teams and equipment for the work, for which the Railroad Company promised and agreed to pay certain specified sums, on certain estimates; that plaintiff in error constructed the roadbed, in strict conformity with his contract, finishing same about April 28, 1913, and demanded payment of the sums promised, aggregating more than $4750, which the Railroad Company refused to pay though past due. Plaintiff in error sought not only a personal judgment against the Railroad Company, but also to establish and foreclose a laborer's lien, for the amount of his judgment, on all property of the Railroad Company.

The Railroad Company and the Receivers first answered with a general demurrer and general denial, later filing an amended answer containing a general demurrer, numerous special exceptions, a general denial, and numerous special pleas. Nowhere did any of the defendants in error plead limitation as a defense to plaintiff in error's suit.

The district court made findings of fact, on trial without a jury; to the effect that the Railroad Company employed plaintiff in error to do the work alleged by him, in the construction of the roadbed, for which the Company agreed to pay the prices and sums set forth in plaintiff in error's petition; that plaintiff in error did and performed said work in strict compliance with the contract, and to the satisfaction of the Railroad Company's supervising engineers; and, that $4950 remained due and unpaid of the sums promised plaintiff in error.

In the findings, the court describes the kind of work performed by plaintiff in error as follows: "the work done by the plaintiff, L. G. Hales, for defendant Railroad Company, was labor performed in constructing and erecting the roadbed upon which said defendant Railroad Company laid its ties and rails."

Judgment was rendered that plaintiff in error, L. G. Hales, re-cover of defendant in error, San Antonio, Uvalde & Gulf Railroad Company, and of Duval West and A. R. Ponder, as Receivers, the sum of $5791.50 (being $4950 with interest at 6% per annum from Jan. 1, 1914), besides interest and costs, and that a laborer's lien be established and foreclosed on the property of the Railroad Company, and that the clerk certify the judgment to the U. S. District Court for the Western District of Texas, wherein the receivership of the property of the Railroad Company was pending, for classification and payment.

On appeal by the San Antonio, Uvalde & Gulf Railroad Company and by the Receivers, the judgment of the district court was affirmed by the Court of Civil Appeals in so far as it adjudged that the Rail-road Company was indebted to L. G. Hales in the sum of $5791.50 and interest, and as to the dismissal of the suit as against Word & Lee and J. E. Franklin, but in all other respects it was reversed, and judgment was rendered that Hales take nothing as against the Receivers and that he have a foreclosure of statutory lien on the right of way and movable equipment of the Railroad Company. 196 S. W., 904.

On motion for rehearing, the Court of Civil Appeals concluded that the allegations of plaintiff in error's petition and the conclu-sions of fact of the trial court showed that plaintiff in error was a contractor, in whose favor no lien was provided for, under either article 5621 or article 5640 of our Revised Statutes. The Court of Civil Appeals therefore set aside its former judgment and entered a judgment whereby plaintiff in error's suit was dismissed as to Word & Lee and J. E. Franklin, and whereby plaintiff in error was to recover of the Railroad Company $5791.50, with interest, and whereby he was to take nothing as to the lien he claimed, and was to take nothing as against the Receivers. 196 S. W., 905.

Both the allegations of plaintiff in error's petition and the con-clusions of fact of the trial judge disclosed that the indebtedness of the Railroad Company to plaintiff in error was for labor and work performed by him, in the construction of the roadbed of the Railroad Company. Hence, the terms of article 5640 plainly gave to plain-tiff in error a lien, prior to all others, upon the railroad and its equip-ment, to secure the payment of his demand. Article 5640, Vernon's Sayles' Texas Civil Statutes; Ft. W. & D. C. Ry. Co. v. Read, 154 S. W., 1029; Texas Bldg. Co. v. Collins, 187 S. W., 408.

The existence of a statutory lien for the amount of plaintiff in error's demand was not distinctly questioned by any assignment of error of the Railroad Company and Receivers in their briefs in the Court of Civil Appeals. It was urged by the Railroad Company and Receivers, however, on motion for rehearing, that the lien in favor of plaintiff in error had ceased to exist because more than

a year had elapsed after plaintiff in error's demand became due before he instituted this suit.

Article 5643 provides: ''The lien created by article 5640 shall cease to be operative in twelve months after the creation of the lien if no steps be sooner taken to enforce it.'' The precise proposition of the Railroad Company and Receivers was that article 5643 is mandatory and ''relieves a railroad company of the necessity of pleading limitation.''

Labor, or work with tools, teams, etc., in the construction of any railroad, gives the lien, for the amount of agreed compensation therefor, under article 5640, with nothing else to be done as a pre-requisite to the enforcement of the lien save to sue. We think, therefore, that the word ''operative'' as used in article 5643 means ''enforceable.'' Thus construing the statute, it is no more than a statute of limitations, and was not available to the Railroad Company and Receivers without being plead by them. G. & B. V. Ry. Co. v. Berry, 72 S. W., 1049; Williams v. Keith, 111 S. W., 1058.

In the absence of a plea of limitations, the facts plead by plaintiff in error and found by the trial court to be true entitled him to a judgment establishing a lien on the Railroad Company's right of way and movable equipment. Bank v. G. C. & S. F. Ry. Co., 95 Texas, 184.

It is ordered that the judgments of the district court and of the Court of Civil Appeals be reversed and that judgment be here rendered, adjudging that plaintiff in error recover of the defendant in error, San Antonio, Uvalde and Gulf Railroad Company, the sum of $5791.50 with 6% per annum interest from the date of the judgment in the court below, and all costs, and decreeing that plaintiff in error has a lien for said amount on the right of way and movable equipment of the Railroad Company, and ordering that this judgment be certified to the United States District Court for the Western District of Texas, wherein the receivership of the property of said Railroad Company is pending, and adjudging that plaintiff in error take nothing by his personal demand as against the Receivers, and that plaintiff in error's suit be dismissed as to W. L. Word and J. S. Lee, composing the firm of Word & Lee, and as to J. E. Franklin.

Opinion delivered March 22, 1922.