MARQUIS, Appellant, vs. PETERSON, Defendant: KURTH MALTING COMPANY, Respondent.

*December 1, 1941—January 13, 1942.*

For the appellant there was a brief by *Alexander, Burke & Clark,* attorneys, and *John J. Burke* of counsel, all of Milwaukee, and oral argument by *Mr. Burke.*

For the respondent there was a brief by *August C. Moeller,* attorney, and *Emmet Horan, Jr.,* of counsel, both of Milwaukee, and oral argument by *Mr. Horan.*

MARTIN, J.   The plaintiff is an architect by occupation and was regularly employed by the defendant, Peterson, at a salary of $300 per month.   Peterson, a consulting engineer, had a contract with the defendant, Kurth Malting Company, whereby he agreed to draft and did draft certain plans and specifications, and perform certain work and labor in the erection and construction of certain buildings owned by the Kurth Malting Company on the premises described in the complaint. Plaintiff alleges that while he was so employed by Peterson he made certain drawings and wrote certain specifications, and that he was called upon to make decisions and interpretations of the drawings and specifications; that he made several trips to the premises of the Kurth Malting Company and took measurements and gathered data necessary for the preparation of the drawings.   Plaintiff further alleges that Peterson has paid him a portion of his salary but there is still due him the sum of $1,487.35.   Plaintiff gave no notice of lien to the Kurth Malting Company, the owner of the premises in question.   He claims to be a laborer within the meaning of sec. 289.02 (3), Stats.   The applicable statutes (1937) provide as follows:

"289.01 (2) (a)   Every contractor who performs any work or procures its performance or furnishes any materials or plans or specifications for the improvement of land shall have a lien therefor upon the interest of the owner in such land. . . ."

"289.01 (1) (a)   'Contractor' means a person, other than a laborer, who enters into a contract with the owner of land to improve it or who takes over from a contractor his uncompleted contract; and includes an architect, civil engineer and surveyor employed by the owner."

"289.02   *Subcontractors,' materialmen's and laborers' liens.* (1) *Notice to owner, to materialmen.*   Every person, other

than the contractor who furnishes labor or materials in any of the cases enumerated in section 289.01, shall have the lien and remedy provided by this chapter, if within thirty days after furnishing the first labor or materials he gives notice in writing to the owner either by personal service on the owner or his agent or by mailing a copy thereof addressed to such owner or his agent at his last-known post-office address stating that he has engaged to furnish labor or materials, describing the real estate upon which the same is to be furnished so that the owner is not misled or deceived thereby. . . ."

"289.02 (3) *Exemption as to thirty-day notice.* The thirty-day notice herein required to be given to the owner by subsection (1) need not be given by any laborer or mechanic employed by any contractor or subcontractor."

The question on this appeal is: May one, who has prepared drawings, writings, and specifications, who was called upon to make decisions and interpretations of the drawings and specifications, and who was employed by the contractor on an agreed monthly salary, be classified as a laborer or mechanic under sec. 289.02 (3), Stats., and be entitled to a lien under sec. 289.02? Sec. 289.01 (1) (a) gives an architect a lien providing he was employed by the owner. No claim is made here that plaintiff was employed by the owner, the Kurth Malting Company. Notwithstanding his professional employment by Peterson on a monthly salary basis, and the further fact that he was performing similar services during the same period of time for various clients of his employer, he now contends that his services were those of a laborer within the meaning of sec. 289.02 (3). In 24 Words and Phrases, 50, the word "laborer" is defined:

"A laborer is one who works at a toilsome occupation— a man who does work requiring little skill, as distinguished from an artisan. Thus a civil engineer is not a laborer. *Pennsylvania & D. R. Co. v. Leuffer,* 84 Pa. 168, 24 Am. Rep. 189. Mechanical engineers, electrical engineers, clerks, agents, cashiers of banks, bookkeepers, and all that class of employees

whose employment is associated with mental skill and labor, are not considered laborers."

Webster's New International Dictionary (2d ed.), defines the word "laborer" thus:

"One who labors; one who does physical labor; one who works at a toilsome occupation; a person who does work that requires strength rather than skill, as distinguished from artisans and from the professional classes."

In *State ex rel. Peck v. Rusk,* 55 Wis. 465, 13 N. W. 452, the court construed an act of the legislature which provided that the railroad company should pay to the governor of the state a certain sum of money to be by him expended in paying the claims of laborers, subcontractors, and material and supply men, for labor and supplies done and furnished in and about the grading and other work done by or under the auspices of the railroad company. In distributing the sum so provided the governor construed the word "laborers" as employed in the act as intended to designate those only who had performed manual labor in and about said work and refused to disburse any of said fund to the members of the engineer corps or the assistant general manager of the railroad company. This court sustained the construction so given by the governor to the word "laborers," and at page 476 said that if the legislature intended to include others besides those who performed manual labor "something more explicit than the word 'laborers' would be found in the act to manifest such intention." If members of the engineer corps in that case could not be classed as laborers, we think it clear that the plaintiff in the instant case under the allegations of his complaint cannot maintain that he is a laborer within the meaning of our lien statutes. Had the legislature intended to exempt under sub. (3) of sec. 289.02, Stats., other than those who performed manual labor, or mechanics, from giving the thirty-day notice required to be given, it would have made such intention manifest by appropriate language.

In the case of the *Pennsylvania & D. R. Co. v. Leuffer,* 84 Pa. 168, the court held that a civil engineer was not a "laborer" or "workman," hence, not entitled to a lien. At page 171 the court said:

"Whether the plaintiff can maintain his claim against the defendant depends upon whether he can bring himself within the class designated in the statute as 'laborers and workmen.' We are, then, to inquire what the legislature intended by the use of these words. In seeking for this legislative intent we must give to the language of the statute its common and ordinary signification. But ordinarily these words cannot be understood as embracing persons engaged in the learned professions, but rather such as gain their livelihood by manual toil. When we speak of the laboring or working classes, we certainly do not intend to include therein persons like civil engineers, the value of whose services rests rather in their scientific than in their physical ability. . . .

"It is true, in one sense the engineer is a laborer; but so is the lawyer and doctor, the banker and corporation officer, yet no statistician has ever been known to include these among the laboring classes." To same effect see *Gulf & B. V. Ry. Co. v. Berry,* 31 Tex. Civ. App. 408, 72 S. W. 1049, 1050; *Tabb v. Mallette,* 120 Ga. 97, 47 S. E. 587, 102 Am. St. Rep. 78, 84; *Blanchard v. Portland & R. F. Ry.* 87 Me. 241, 32 Atl. 890.

In *Price v. Kirk,* 13 Phila. 497, 498, plaintiff was an architect who drew plans and specifications, advised about the location, assisted in comparing lots; and on one occasion met and explained the drawings to mechanics. He did not superintend the construction of the house. The claim for lien was for drawings, plans, and specifications, and for labor and services in and about directing and overseeing same. The court said:

"An architect is not a mechanic or laborer. The plaintiff here has no better claim to a lien than the scrivener who copies specifications or draws contracts for the building, or the surveyor who marks the plan upon the ground."

The court held that the claim was not the subject of a mechanic's lien.

We are of the view that plaintiff's status in the instant case is the same as that of an office worker. He did only such work as his employer directed, which consisted of the drawing of plans and specifications for different clients of his employer, all in furtherance of the employer's business. He is not "one who furnishes labor or materials" within the provisions of sec. 289.02, Stats. The cases cited in support of appellant's contention fall within two classes: Those in which the architect had a contract with the owner and was therefore entitled to a lien; and those cases from jurisdictions in which the lien statutes are distinguishable from ours. Lien statutes should not be construed to include as beneficiaries persons who do not come within the specific provisions of the statutes.

*By the Court.*—Order affirmed.