David Crim SMITH, Appellant,

v.

LONE STAR CADILLAC, INC., Appellee.

No. 5041.

Court of Civil Appeals of Texas,
Waco.

Aug. 19, 1971.

Rehearing Denied Sept. 23, 1971.

John D. Griggs, Dallas, for appellant.

Cecil G. Magee, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by appellant Smith from summary judgment that he take nothing in his third party action against appellee Lone Star.

On October 30, 1970 Aleida Quintana filed suit against appellant Smith for damages arising out of an automobile collision between Quintana and Smith, occurring November 1, 1968.

On January 7, 1971 Quintana obtained service on appellant.

On January 21, 1971 appellant filed Third Party action against appellee Lone Star, alleging appellee carelessly put grease on the brake pedal of appellant's car, causing appellant's foot to slip off the pedal, and that such was the direct and proximate cause, or sole cause of the collision and damages.

Appellee by answer plead the two year statute of limitations (the collision occurring November 1, 1968, and appellee not sued until January 21, 1971). Thereafter appellee moved for summary judgment, asserting the cause of action arose more than two years prior to suit against it, and that as a matter of law such was barred by the two year statute of limitations.

Appellant answered appellee's motion for summary judgment asserting that Article 5539c Vernon's Ann.Civ.St. extended the

statute of limitation on his cross action against appellee for 30 days following the date answer was due on Quintana's suit.

The trial court rendered summary judgment finding appellant's cause of action against appellee arose on November 1, 1968, that appellant's Third Party Action against appellee was filed January 21, 1971, and that as a matter of law such was barred by the two year statute of limitations; severed the Third Party Action from Quintana's suit against appellant; and decreed appellant take nothing against appellee.

Appellant appeals asserting the trial court erred in rendering summary judgment that he take nothing in that Article 5539c VATS extended the statute of limitations for 30 days following the date answer was due on Quintana's suit.

Article 5539c provides: "Counterclaims and cross claims; period of limitation; extension Section 1. In the event a pleading asserting a cause of action is filed under circumstances where at the date when answer thereto is· required by law a counterclaim or cross claim would otherwise be barred by the applicable statute of limitation, then the party so answering may, within 30 days following such answer date file a counterclaim or cross claim in such cause and the period of limitation is hereby extended for such period of time provided that the counterclaim or cross claim arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim".

Appellee asserts such statute extends limitation only if a defendant's action is a counterclaim against the original plaintiff, or a cross claim against an original co-party defendant. Thus the question for deter-

mination is whether Article 5539c extending the period of limitation for a "counterclaim or cross claim", applies only to a counterclaim or cross claim against the original plaintiff or a co-party, or whether it is also applicable to an additional party brought into a suit, as appellant herein was brought in as "Third Party Defendant".

■ Counterclaims are litigated between opposing parties to the principal action; cross claims are litigated by parties on the same side of the main litigation. Stahl v. Ohio River Company, 3rd Cir., 424 F.2d 52; Sporia v. Pennsylvania Greyhound Lines, Inc., 3rd Cir., 143 F.2d 105.

Rule 38 Texas Rules of Civil Procedure provides that a defendant may file an action "against a person not a party to the action who is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against the defendant"; and Rule 97(f) TRCP provides "Additional Parties May Be Brought In. When the presence of parties other than those to the original action is required for the granting of complete relief in the determination of a counterclaim or cross-claim, the court shall order them to be brought in as defendants * * *."

■ The claim asserted by an original defendant against such Third Party Defendant is a cross claim, and we think Article 5539c VATS is applicable, and extends the period of limitation for 30 days after answer was due in the original suit. See also: 52 Tex.Jur.2d p. 186.

Appellant's contention is sustained. The judgment of the trial court is reversed, and the cause remanded with instructions that appellant's Third Party Action against appellee be reinstated in the original suit.

Reversed and remanded.