David E. Bernsen, Beaumont, for appellant.

Phillip Babin, Beaumont, Jim Sharon Bearden, Orange, for appellee.

KEITH, Justice.

The appeal is from a summary judgment and the only question presented is the application of the two-year statute of limitation to appellant's claim for indemnity or contribution.

Appellee, Francis Cain, was the driver of an automobile on September 21, 1978, when it was struck from the rear by a truck operated by an employee of appellant. Suit was filed February 1, 1979, but our record does not indicate the activity, if any, which took place in the case before March 19, 1980. On that date the petition was amended to include Lenora Nelson, a passenger in the Cain vehicle, as a plaintiff. Nearly a year later, on February 27, 1981, appellant filed its cross action against Mrs. Cain seeking indemnity or contribution for any sums

---

## BEAUMONT COCA COLA BOTTLING CO., Appellant,

v.

## Francis CAIN, Appellee.

### No. 8717.

Court of Appeals of Texas, Beaumont.

Dec. 22, 1981.

Rehearing Denied Jan. 14, 1982.

which might be awarded to Nelson in her suit.

Appellee, Mrs. Cain, answered the cross action solely by a general denial and shortly thereafter filed a motion for summary judgment contending that "the Statute of Limitations has run on any cause of action that the Defendant/Cross-Plaintiff may now assert against Plaintiff."[1] After notice and hearing, the trial court sustained such motion, severed the claim for contribution from the main suit, and this appeal followed. Appellant has but one point of error, asserting that the claim for contribution is not barred by the two-year statute of limitation.[2]

Appellee seeks to uphold the summary judgment upon this rationale set out in her brief:

"Based on V.A.T.S. Art. 5539(c) and *Smith v. Lone Star Cadillac, Inc.*, 470 S.W.2d 791 (Tex.Civ.App.—Waco, 1971, no writ), Cain obtained Summary Judgment that the cross-action of Coca Cola was barred by limitations."

We note that the "cross-action" mentioned in the foregoing excerpt was one seeking contribution from appellee Cain for damages which Coca Cola might have to pay to Cain's co-plaintiff, Nelson. We do not agree with the rationale of appellee and reverse the judgment for the reasons now to be stated.

With all due deference and respect to the Court and to the author of *Smith v. Lone Star Cadillac, Inc.*, 470 S.W.2d 791 (Tex.Civ. App.—Waco 1971, no writ), we decline to follow the holding therein so as to make *Art. 5539c, Tex.Rev.Civ.Stat.Ann. (Supp. 1980–1981)*, applicable to actions for contributions between tortfeasors. The cited statute is one providing for a limited extension of the limitation period to a counter-claim or a cross claim arising out of the

same transaction as the plaintiff's suit. See *Hobbs Trailers v. J. T. Arnet Grain Co., Inc.*, 560 S.W.2d 85, 88 (Tex.1978).

The trial court has held in this case that since Coca Cola did not come within the extended period afforded by *Art. 5539c*, its claim was barred by the two-year statute of limitation. We are of the opinion that the statute of limitation did not begin to run until Coca Cola's right to contribution accrued. *City of San Antonio v. Talerico*, 98 Tex. 151, 81 S.W. 518, 520 (Tex.1904); *Sims v. Southland Corporation*, 503 S.W.2d 660, 663 (Tex.Civ.App.—Tyler 1973, writ ref'd n. r. e.).

Indeed, prior to the enactment of *Art. 2212a, Tex.Rev.Civ.Stat.Ann. (Supp.1980–1981)*, upon the adoption of the theory of comparative negligence, a defendant in a tort action did not need to make his tortfeasor a party to the original action but could pursue him in a separate action brought after the conclusion of the original suit. *Union Bus Lines v. Byrd*, 142 Tex. 257, 177 S.W.2d 774, 776 (1944).

In the language used by the court in *Callihan Interests, Inc. v. Duffield*, 385 S.W.2d 586, 587 (Tex.Civ.App.—Eastland 1964, writ ref'd), the purpose of the statute was "to create a cause of action for the benefit of one tort-feasor who by paying a judgment discharges more than his just share of the joint liability of himself and another joint tort-feasor to the injured party." Obviously, such a cause of action could not be maintained until the first tortfeasor had paid more than his share of the judgment based upon the joint liability of the parties.

Upon the adoption of the comparative negligence statute along with the modified statute governing contribution, *Art. 2212a*, a change in this rule was made. *Subsection (g) of Section 2 reads*:

> However, since the parties have not raised the pleading question, we do not do so on our own motion.

**1.** Appellee did not plead *any* statute of limitation and it has long been the rule that the statute is not available to a litigant without having been pleaded by him. *Hales v. San Antonio, U. & G. R.R.*, 111 Tex. 434, 238 S.W. 1106, 1107 (1922). See also, *Tex.R.Civ.P. 94; 2 R. McDonald, Texas Civil Practice § 7.40, at 268 (1970 Rev.Vol.).*

**2.** Nearly half of our transcript is made up of trial briefs of counsel in violation of the Supreme Court order following *Tex.R.Civ.P. 376–a*: "Trial briefs and memoranda of authorities shall not be included in the transcript."

"All claims for contribution between named defendants in the primary suit shall be determined in the primary suit, except that a named defendant may proceed against a person not a party to the primary suit who has not effected a settlement with the claimant."

A literal reading of *subsection (g)* indicates that *all* rights of contribution must be pleaded and determined in the primary suit or be barred unless such right comes within the language found in the last phrase of the subsection. This view has been espoused by the scholars in Fisher, Nugent, and Lewis, "Comparative Negligence: An Exercise in Applied Justice", *5 St. Mary's L.J. 655, 667 fn. 25 (1973–1974).*

In the case at bar, Coca Cola followed the applicable statute only to find that its potential right to contribution was cut off by an erroneous application of an inapplicable statute to the authorized procedure. The error is apparent.

Because the trial court erred in granting the summary judgment which denied Coca Cola the right to seek contribution in the primary suit, the judgment is reversed and judgment now rendered reinstating such cross action.

REVERSED and RENDERED.