CONROE TRUCK & TRACTOR, INC., Appellant,

v.

CHILDS TRUCK EQUIPMENT, INC., et al, Appellees.

No. 09–86–073 CV.

Court of Appeals of Texas, Beaumont.

Nov. 26, 1986.

Appellee, Peabody Galion's Rehearing Denied Jan. 7, 1987.

Appellee, Childs Truck Equip's Rehearing Denied Jan. 21, 1987.

Phillip C. Summers, Lorance & Thompson, Conroe, for appellant.

John O. Kain, Kain, Reedy & Hornbuckle, Henry P. Giessel, Giessel, Stone, Barker & Lyman, Houston, for appellees.

## OPINION

BURGESS, Justice.

This is a summary judgment case involving the statute of limitations in a third-party indemnification and contribution action. Rosie Lee Jordy was injured on April 30, 1982, while descending from the back of a dump truck. On April 13, 1984, Ms. Jordy filed suit against Conroe Truck & Tractor, Inc. (Conroe Truck), the seller of the dump truck, and International Harvester Company, the manufacturer of the truck chassis, on theories of negligence and product liability. On October 9, 1984, (more than two years after the date of the injury) Conroe Truck filed its third-party action against Childs Truck Equipment, Co., (Childs) who sold the truck to Conroe Truck, and Peabody International Corp. (Peabody) who designed and manufactured the dump truck bed in question.

Both Childs and Peabody filed motions for summary judgment contending that Conroe Truck was barred from bringing the cause of action because of the two-year statute of limitations. *TEX.REV.CIV. STAT.ANN. art. 5526* (Vernon Supp.1985), now *TEX.CIV.PRAC. & REM.CODE ANN. sec. 16.003* (Vernon 1986). The trial court granted the motions and severed the remaining causes of action. Conroe Truck appeals the granting of the summary judgments.

Both Childs and Peabody sought the summary judgment solely on a statute of limitations grounds and not on the grounds that the plaintiff did not have any cause of action (as opposed to one barred by the statute of limitations). *See Hunter v. Ft. Worth Capital Corp.*, 620 S.W.2d 547 (Tex. 1981).

■ *City of San Antonio v. Talerico*, 98 Tex. 151, 156, 81 S.W. 518, 520 (1904), established the law regard the limitations for a third party cause of action:

No limitation against the city ever commenced to run so long as it had no cause of action, and a cause of action could only arise in its favor when it sustained damage from the act of the asylum. According to the strict rules of the common law it could not have brought any other party into this litigation, and could have maintained no independent action, until the suit had terminated by judgment, or it had paid the damages to plaintiff. Hence no limitation would have run against it.

The rule that the limitations period on a third party claim does not begin to run until that cause of action independently accrues pursuant to judgment or settlement was most recently followed in *Amoco Chemicals Corp. v. Malone Service Co.*,

712 S.W.2d 611 (Tex.App.—Houston [1st Dist.] 1986, no writ); *Beaumont Coca Cola Bottling Co. v. Cain,* 628 S.W.2d 99 (Tex. Civ.App.—Beaumont 1981, writ ref'd n.r. e.); *Pate v. Tellepsen Const. Co.,* 596 S.W.2d 548 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.); *Lawyers Title Co. Of Houston v. Authur,* 569 S.W.2d 578 (Tex.Civ.App.—Waco 1978, no writ); *Missouri Pacific Railroad Co. v. Southern Pacific Co.,* 430 S.W.2d 900 (Tex.Civ. App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.); *Russell v. Lemons,* 205 S.W.2d 629 (Tex.Civ.App.—Amarillo 1947, writ ref'd n.r.e.).

The rule became confused by *Powell v. Charles Offutt Co.,* 576 F.Supp. 272 (E.D. Tex.1983), *aff'd without opinion,* 731 F.2d 886 (5th Cir.1984). In *Powell,* the U.S. District Court concluded that under Texas law, a defendant is not entitled to contribution or indemnity from third-party defendants who are joined after the statute of limitations had run on the plaintiff's claims against them. This holding was recently re-examined in *Koonce v. Quaker Safety Products & Mfg.,* 798 F.2d 700 (5th Cir. 1986), and the *Powell* opinion was held not to correctly state Texas law. We conclude that *San Antonio v. Talerico, supra,* is still good law today and hold that the third-party claim was not barred by the original plaintiff's statute of limitations. The trial court erred in granting the motion for summary judgment.

 Appellees further argue that the granting of the summary judgment should be affirmed because *TEX.REV.CIV.STAT. ANN. art. 5539c* (Vernon Supp.1985), now *TEX.CIV.PRAC. & REM.CODE ANN. sec. 16.069* (Vernon 1986), requires the bringing of the third-party claim within thirty days of the date that Conroe Truck's answer was required, citing *Smith v. Lone Star Cadillac, Inc.,* 470 S.W.2d 791 (Tex.Civ. App.—Waco 1971, no writ). This court previously rejected such an argument and we continue to do so. *See Beaumont Coca Cola v. Cain, supra.*

The granting of the summary judgments are reversed and the cause remanded.

REVERSED AND REMANDED.