

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-13-00709-CV

William B. **ELLARD**,
Appellant

v.

William D. **ELLARD**,
Appellee

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-13357
Honorable Cathleen M. Stryker, Judge Presiding

Opinion by:  Patricia O. Alvarez, Justice

Sitting:  Karen Angelini, Justice
Sandee Bryan Marion, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  July 23, 2014

AFFIRMED

This case stems from personal injury damages sought in a cross-claim by one co-plaintiff against another. Appellant William B. Ellard contends the trial court erred in granting summary judgment on the basis that a party cannot file a cross-claim against a co-party if the statute of limitations would prevent the filing of a petition alleging the same cause of action based on the same facts. We affirm the trial court's judgment.

## FACTUAL BACKGROUND

On January 14, 2010, Appellee William Douglas Ellard (Dad) was driving a vehicle with Appellant William B. Ellard (Son) sitting in the front seat.[1] Following a single-car accident, Dad and Son were treated for injuries. On December 13, 2010, Dad and Son, as co-plaintiffs, filed suit against Farmers Insurance alleging failure to tender benefits under their personal automobile insurance policy.

On October 30, 2012, two years and nine months after the accident, Son filed a cross-claim against Dad asserting damages arising from the manner and method that Dad was operating the vehicle on the day in question. On July 17, 2013, Dad filed a traditional motion for summary judgment asserting a statute of limitations defense. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West Supp. 2014) (providing two-year statute of limitation for tortious acts involving a motor vehicle). On August 13, 2013, the trial court granted summary judgment in favor of Dad and this appeal ensued.

## SUMMARY JUDGMENT

### A.    Standard of Review

To be entitled to summary judgment, a movant must show "there is no genuine issue as to any material fact and the [movant] is entitled to judgment as a matter of law." TEX. R. CIV. P. 166a(c); *accord Nixon v. Mr. Prop. Mgmt. Co., Inc.*, 690 S.W.2d 546, 548 (Tex. 1985). If the movant presents multiple theories in support of its motion and the trial court grants the motion without specifying the basis for its decision, "we must affirm the trial court's judgment if any of the theories advanced are meritorious." *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005); *accord Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003). In evaluating

---

[1] For purposes of this appeal, we will refer to Appellant William B. as "Son" and Appellee William as "Dad."

each theory, we examine the summary judgment evidence in the light most favorable to the nonmovant: we credit favorable evidence and disregard contrary evidence as reasonable jurors would. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009); *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). "We indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Rhône–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999); *accord Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 756 (Tex. 2007) (per curiam).

A defendant-movant is not entitled to summary judgment unless it conclusively proves each element of its defense, *see Rhône–Poulenc*, 997 S.W.2d at 223; *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex. 1984), or conclusively disproves at least one essential element of each of the plaintiff's claims, *Elliott–Williams Co., Inc. v. Diaz*, 9 S.W.3d 801, 803 (Tex. 1999); *Doe v. Boys Clubs of Greater Dall., Inc.*, 907 S.W.2d 472, 476–77 (Tex. 1995). If the summary judgment evidence presents a genuine issue of material fact, the movant is not entitled to summary judgment. *Elliott–Williams*, 9 S.W.3d at 803; *Rhône–Poulenc*, 997 S.W.2d at 223.

**B.      Texas Civil Practices and Remedies Code section 16.069**

Texas Civil Practice and Remedies Code section 16.069 provides as follows:

(a)   If a counterclaim or cross claim arises out of the same transaction or occurrence that is the basis of an action, a party to the action may file the counterclaim or cross claim even though as a separate action it would be barred by limitation on the date the party's answer is required.

(b)   The counterclaim or cross claim must be filed not later than the 30th day after the date on which the party's answer is required.

TEX. CIV. PRAC. & REM. CODE ANN. § 16.069 (West 2008). "Where the requirements of the statute are met, section 16.069 allows those who are already parties to the action to assert claims against one another that would otherwise be time-barred." *J.M.K. 6, Inc. v. Gregg & Gregg, P.C.*, 192 S.W.3d 189, 199 (Tex. App.—Houston [14th Dist.] 2006, no pet.). "The statute is a savings clause,

'intended to prevent a plaintiff from waiting until an adversary's valid claim arising from the same transaction was barred by limitations before asserting his own claim.'" *Pitts & Collard, L.L.P. v. Schechter*, 369 S.W.3d 301, 322–24 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (quoting *Hobbs Trailers v. J.T. Arnett Grain Co.*, 560 S.W.2d 85, 88 (Tex. 1977)); *accord J.M.K. 6*, 192 S.W.3d at 201–02; *see also Oliver v. Oliver*, 889 S.W.2d 271, 273 (Tex. 1994) (rationalizing that section 16.069 prevents a party from concealing actions or causes of action until limitations has expired).

## C.      Arguments of the Parties

Son contends section 16.069(a) provides that his cross-claim is exempt from the normal statute of limitations bar. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.069; *Barraza v. Koliba*, 933 S.W.2d 164, 167 (Tex. App.—San Antonio 1996, writ denied) (holding section 16.069 "disregard[s] any applicable statute of limitations and [allows] the counter or cross-claim even if it would be time-barred if brought as an independent action").

Dad counters that section 16.069 is not applicable to Son.  In support of his argument, Dad contends Son's argument would mean the Legislature intended section 16.069 to be applied as follows:

> (b)      The counterclaim or cross claim must be filed not later than the 30th day after the date on which the [Dad's] answer is required.

*See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.069(b).  Dad argues that Son's theory of section 16.069 is illogical because a cross-plaintiff could sue *at any time* during the pendency of the suit—clearly not a result intended by section 16.069.

## D.      Statutory Construction

"In construing statutes, we ascertain and give effect to the Legislature's intent as expressed by the language of the statute." *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008);

*accord Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009). We presume the legislature acted with purpose when it included each word and excluded omitted words. *TGS–NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011); *Laidlaw Waste Sys. (Dall.), Inc. v. City of Wilmer*, 904 S.W.2d 656, 659 (Tex. 1995). "If the statutory text is unambiguous, [we] must adopt the interpretation supported by the statute's plain language unless that interpretation would lead to absurd results." *See Tex. Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 177 (Tex. 2004); *accord City of Rockwall*, 246 S.W.3d at 625–26.

## E.     Application

Although the Legislature used "party" and not "defendant" in section 16.069, this court, as well as our sister courts, has long held the statute was intended to apply to defendants in a suit. *See Ball v. SBC Commc'ns, Inc.*, No. 04-02-00702-CV, 2003 WL 21467219, at *2 (Tex. App.—San Antonio June 25, 2003, pet. denied) ("section 16.069 extends the period for filing the claim for 30 days beyond the date the defendant's answer is due"); *Matthiessen v. Schaefer*, 900 S.W.2d 792, 796 (Tex. App.—San Antonio 1995, writ denied) (counterclaim savings statute inapplicable when defendant filed counterclaim more than thirty-days after answer due); *see also Holman Street Baptist Church v. Jefferson*, 317 S.W.3d 540, 545–46 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) (explaining section 16.069 only available when defendant seeks affirmative relief); *J.M.K. 6, Inc.*, 192 S.W.3d at 201–02 (explaining section 16.069 "provide[s] a means for a defendant's own recovery to be increased"); *E.P. Operating Co. v. Sonora Exploration Corp.*, 862 S.W.2d 149, 151 (Tex. App.—Houston [1st Dist.] 1993, writ denied) ("Section 16.069 was clearly designed to prevent plaintiffs from waiting to file their claims until the statute of limitations had run on the defendant's potential counterclaims."); *ECC Parkway Joint Venture v. Baldwin*, 765 S.W.2d 504, 513 (Tex. App.—Dallas 1989, writ denied) ("section 16.069 allows a defendant to file within thirty

days of an action"); *Smith v. Lone Star Cadillac, Inc.*, 470 S.W.2d 791, 792 (Tex. Civ. App.—Waco 1971, no writ) (addressing whether section 16.069 "extends limitation only if a defendant's action is a counterclaim against the original plaintiff, or a cross claim against an original co-party defendant").

We conclude section 16.069 does not toll the statute of limitations as to Son's cross-claim and Son has not provided this court with any authority to the contrary. *See City of Rockwall*, 246 S.W.3d at 625–26; *Mega Child Care, Inc.*, 145 S.W.3d at 177.

## CONCLUSION

Son's interpretation of section 16.069 is not supported by the statute's plain language; and, thus, Dad proved he was entitled to summary judgment as a matter of law. TEX. R. CIV. P. 166a(c); *accord Nixon*, 690 S.W.2d at 548. Accordingly, the trial court properly held that, as a matter of law, section 16.069 does not toll the statute of limitations for Son's cross-claim and we affirm the trial court's judgment.

Patricia O. Alvarez, Justice