# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 24, 2026

Lyle W. Cayce
Clerk

No. 24-20171

Houston Prime Investments, Limited,

*Plaintiff—Appellee*,

*versus*

Community Loan Servicing, L.L.C.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-996

Before Smith and Richman, *Circuit Judges*.[1]

Per Curiam:[2]

Over nine years after Plaintiff Houston Prime Investments, Ltd. ("HPI"), defaulted on its loan, Defendant Community Loan Servicing, L.L.C. ("CLS"), instituted foreclosure proceedings on property that served as the loan's collateral. HPI sought injunctive relief to prevent the fore-

---

[1] Judge Dennis was a member of the panel that heard this case but took inactive status after the case was submitted. This matter is decided by a quorum under 28 U.S.C. § 46(d).

[2] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

closure, and CLS brought a crossclaim for judicial foreclosure. The district court enjoined CLS from foreclosing on limitations grounds. Because CLS's lien is now void under the plain language of the Texas Civil Practice and Remedies Code, we affirm.

I.

In 2004, HPI executed a promissory note for of $500,000, secured by a home equity lien and deed of trust on real property. The note's terms required HPI to make monthly principal and interest payments beginning March 1, 2004, with a balloon final payment on February 1, 2014. In the event of default, the mortgage documents authorized foreclosure.

HPI admits that it has been in default by stopping payments in 2014. Although HPI received notices of default between 2018 and 2020, no action was taken to foreclose or otherwise collect for several years. After a series of transfers and assignments, CLS obtained the note and deed of trust in 2022. CLS initiated foreclosure proceedings in February 2023.

HPI sought a temporary restraining order in state court to prevent the foreclosure. HPI asserted the loan was "legally uncollectible under Texas law because [it was] time-barred by limitations" per the four-year period in § 16.035 of the Texas Civil Practice and Remedies Code. CLS counterclaimed for judicial foreclosure, asserting that its claim was timely under § 16.069 of the Code, which governs counterclaims and crossclaims.

After removal to federal court, the parties filed cross-motions for summary judgment. The district court granted summary judgment in favor of HPI on CLS's foreclosure claim. First, the court determined that CLS's foreclosure claim had accrued on the note's maturity date of February 1, 2014; thus, the four-year limitations period for foreclosure expired in 2018. Tex. Civ. Prac. & Rem. Code Ann. § 16.035(a). Second, the court relied on § 16.035(d), which provides that "[o]n the expiration of the four-

year limitations period, the real property lien and a power of sale to enforce the lien become void." The court reasoned that, although § 16.069 removed the limitations bar for CLS to assert counterclaims, the statute, by the plain language of § 16.035(d), did not revive a void lien, thus barring any action for foreclosure.

The district court entered a permanent injunction to prevent foreclosure. CLS appeals.

## II.

Our review is de novo. *Huskey v. Jones*, 45 F.4th 827, 830 (5th Cir. 2022). Texas substantive law applies to this diversity-jurisdiction case. *Jatera Corp. v. US Bank Nat'l Ass'n*, 917 F.3d 831, 835 (5th Cir. 2019) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78–79 (1938)). When the state's highest court has not spoken on the direct question, we make an "*Erie* guess and determine, in [our] best judgment how [the state's highest court] would resolve the issue if presented with the same case." *Id.* (second alteration in original) (quoting *Temple v. McCall*, 720 F.3d 301, 307 (5th Cir. 2013)).

## III.

Texas Civil Practice and Remedies Code § 16.035 provides a four-year limitations period for foreclosure claims and voids property liens on expiration of that period:

> (a) A person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues.
>
> (b) A sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues.

No. 24-20171

. . . .

> (d) On the expiration of the four-year limitations period, the real property lien and a power of sale to enforce the real property lien become void.

TEX. CIV. PRAC. & REM. CODE ANN. § 16.035.[3] Where, as here, the obligation is payable in installments, the foreclosure cause of action accrues on the maturity date of the last installment. *Holy Cross Church*, 44 S.W.3d at 566.

The parties do not dispute that the lien matured on February 1, 2014. Thus, by the plain language of § 16.035, CLS's property lien and its power of sale to enforce the lien became "void" on February 1, 2018, four years after the note's maturity date and the accrual of CLS's cause of action.[4] On application of § 16.035 alone, CLS's foreclosure efforts are time-barred.

The sole dispute on appeal is whether § 16.069 permits foreclosure when asserted as a counterclaim. That section provides:

> (a) If a counterclaim or cross claim arises out of the same transaction or occurrence that is the basis of an action, a party to the action may file the counterclaim or cross claim [within thirty days after the answer is due] even though as a separate action it would be barred by limitation on the date the party's answer is required.

"Where the requirements of the statute are met, section 16.069 allows

---

[3] *See also Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 574 (Tex. 2001) (The "four-year statute of limitations applies to bar [the] foreclosure.").

[4] *See, e.g.*, *Woodside Assur., Inc. v. N.K. Res., Inc.*, 175 S.W.3d 421, 425 (Tex. App.—Houston [1st Dist.] 2005, no pet.) ("By failing to bring suit on its real property lien within four years of the accrual of its cause of action, Woodside lost all remedies for the enforcement of its lien.").

4

those who are already parties to the action to assert claims against one another that would otherwise be time-barred."[5] The purpose of § 16.069 is "to prevent a plaintiff from postponing the filing of a claim until an adversary's valid claim is barred by limitations."[6]

Section 16.069 does not revive CLS's untimely foreclosure claim because it cannot not revive a void lien. Although § 16.069 resuscitates untimely counterclaims and crossclaims, the section does not apply to liens themselves. CLS cannot foreclose on a lien that no longer exists.[7] Numerous courts throughout Texas have reasoned the same when addressing the interaction between § 16.035 and § 16.069.[8]

CLS's position would allow purchasers of stale liens to manufacture foreclosure rights years after the lien's expiration—a result the Texas Legislature could not have intended.[9] CLS cannot foreclose on a void lien, and

---

[5] *Ellard v. Ellard,* 441 S.W.3d 780, 782 (Tex. App.—San Antonio 2014, no pet.) (quoting *J.M.K. 6, Inc. v. Gregg & Gregg, P.C.*, 192 S.W.3d 189, 199 (Tex. App.—Houston [14th Dist.] 2006, no pet.)).

[6] *Oliver v. Oliver*, 869 S.W.2d 271, 273 (Tex. 1994); *Hobbs Trailers v. J. T. Arnett Grain Co.*, 560 S.W.2d 85, 88–89 (Tex. 1977) (discussing the statutory predecessor to § 16.069).

[7] *See The Cadle Co. v. Butler*, 951 S.W.2d 901, 909 (Tex. App.—Corpus Christi 1997, no pet.) (explaining that the running of limitations voids the lien, which means it "cease[s] to exist.").

[8] *See, e.g.*, *Bitterroot Holdings, LLC v. Bank of N.Y. Mellon*, No. 14-CV-804 (RCL), 2017 WL 10181041, at *11–12 (W.D. Tex. Aug. 4, 2017); *Morlock, LLC v. Petteway*, No. 4:21-CV-03202, 2024 WL 4265811, at *7 (S.D. Tex. Sept. 23, 2024) ("[T]o whatever extent [the]counterclaim for judicial foreclosure is revived under Section 16.069, it necessarily fails as a matter of law under Section 16.035(d).").

[9] *See Morlock*, 2024 WL 4265811, at *7 n.7. *See also Ball v. SBC Comms.*, No. 04-02-00702-CV, 2003 WL 21467219 (Tex. App.—San Antonio June 25, 2003, pet. denied) (citing House Comm. on Judiciary, Bill Analysis, Tex. H.B. 339, 61st Leg., R.S. (1969)) ("The bill analysis by the Committee on Judiciary of the House of Representatives reflects that the statute was meant to address those situations where 'one of the litigants does not

No. 24-20171

§ 16.069 does nothing to alter that conclusion.[10]

The permanent injunction is AFFIRMED.

---

file his cause of action until a short period before the relevant statute of limitations runs [and][t]he normal period in which to answer the cause of action and file the counterclaim or cross claim would have been cut short by the statute of limitation[s].'"). These circumstances are not present here. HPI sued only after CLS had initiated foreclosure proceedings more than nine years after HPI defaulted.

[10] CLS does not challenge the issuance of the permanent injunction on any ground other than challenging the summary judgment ruling itself. Because we affirm on that ground, the injunction stands.