Isabelle C. Fooshe HOUSER et vir,
Appellants,

v.

SUNSHINE LAUNDRIES & DRY CLEAN-
ING CORPORATION, Appellee.

No. 14718.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 5, 1969.

Rehearing Denied March 5, 1969.

Chapin & Narciso, San Antonio, for appellants.

Beckmann, Stanard, Wood & Keene, San Antonio, for appellee.

KLINGEMAN, Justice.

Damage suit involving a collision in San Antonio, Texas, between a panel truck owned by Sunshine Laundries & Dry Cleaning Corporation, also known as Sunshine Laundry & Dry Cleaning Corporation, appellee herein, being driven by Antonio Islas, an employee of appellee, and a Ford station wagon being driven by John Adderley, in which appellant herein, Isabelle C. Fooshe Houser, was riding. The jury found acts of primary negligence against appellee which were a proximate cause of the collision. The jury also found that the failure of John Adderley, immediately prior to the collision, to turn the station wagon to his left was negligence, and that such negligence was a proximate cause of the collision, but found that on the occasion in question Mrs. Houser did not have a right to control the operation of the station wagon which was borrowed by her from her former husband. The trial court granted appellee's motion to disregard the jury's answer to such right to control issue and entered a take-nothing judgment.

Although appellants attack this judgment by numerous points of error, their first point requires a reversal if sustained. By such point of error, appellants contend that the only issues on which a judgment could be entered in favor of appellee were Special Issues Nos. 20 and 21, pertaining to the failure of John Adderley to turn the station wagon to his left, and that the court was in error in submitting such special issues because there were no pleadings to support them. We agree with appellants. Appellee in one of its earlier pleadings plead contributory negligence in general terms, to which appellants specially excepted, and such exception was sustained by the trial court. A defendant may plead contributory negligence in general terms and, if not excepted to, the plea will authorize testimony to establish the fact of negligence, but if the opposite party desires more specific allegations as to the contributory negligence, he is entitled to have them upon his lodging of an appropriate exception to such general pleading. Agnew v. Coleman County Elec. Co-op., 153 Tex. 587, 272 S.W.2d 877 (1955).

After the trial court had sustained appellants' special exception, appellee pleaded various specific acts of contributory negligence against Mrs. Houser, but had no pleadings with regard to the failure of John Adderley to turn the automobile to his left. Appellants objected to the submission of such special issues on the ground that there was no pleading to support their submission. Appellee presented to this Court a motion for a supplemental transcript in which it alleged that one of the points of error of appellants is, that one of the special issues in the verdict which is answered against appellants was not supported by the pleadings, and that appellee sought and was granted leave of the trial court to file a

trial amendment at the close of evidence and before the charge of the court was submitted to the jury, and did thereafter write, in longhand, a trial amendment to support such issue, and filed same with the clerk of the trial court. Appellants filed a reply to such motion in which they deny that appellee filed any trial amendment to support such special issue, and attached to such reply, affidavits of two deputy clerks that they had searched the records in such cause and did not find any hand-written, or any type of trial amendment among the records of the cause, and that the District Clerk's docket record does not show any trial amendment having been filed. Appellants also attached to such reply an affidavit of their attorney, in which he states that to his personal knowledge appellee did not file with the clerk of any court any trial amendment, hand written or otherwise, in said cause, and that on several occasions he has personally examined all the pleadings and filed papers in said cause, and that there are no trial amendments among them; that he also checked with the clerk of the trial court to see if he was holding or had any trial amendments in the cause, and the clerk stated there was none; and that thereafter he inquired of the official court reporter if she had in her possession any trial amendments or other pleadings and she stated she had none. Ample opportunity was given to appellee by this Court to tender a supplemental transcript with such trial amendment but appellee was unable to do so. Therefore, the record before us contains no such trial amendment, nor any pleading pertaining to the failure of John Adderley to turn the station wagon to his left immediately prior to the collision. There is no contention, and it cannot be said that this issue was tried by implied consent, as appellants timely objected to the issue on the grounds that there was no pleading. Harkey v. Texas Employers' Ins. Ass'n, 146 Tex. 504, 208 S. W.2d 919 (1948); Camco, Incorporated v. Evans, 377 S.W.2d 703 (Tex.Civ.App.— San Antonio 1963, writ ref'd n. r. e.). Appellants' point of error No. 1 is sustained.

■ Since the only issue which would support a take-nothing judgment in favor of appellee was submitted in error by the trial court, this Court would ordinarily reverse and render such judgment, Rule 434, Texas Rules of Civil Procedure, however, appellants ask that such judgment be reversed and remanded because the amount of damages awarded by the jury was inadequate to compensate Mrs. Houser for her damages and is against the great weight and preponderance of the evidence and manifestly unfair and unjust.

The jury in answer to Special Issue No. 29, as to what sum of money would fairly compensate Mrs. Houser for the injuries sustained by her as a proximate result of the collision, found the sum of $5,000. The jury was instructed, in regard to such special issue, that it could take into consideration physical pain and mental anguish, past and future, reasonable and necessary medical and hospital attention, past and future, reasonable and necessary therapeutic equipment and devices, and loss of earnings from the date of collision up to the time of trial. A separate special issue was submitted as to whether Mrs. Houser would suffer future loss of earning capacity, to which the jury answered "No," and the jury also found that she had not incurred fair, reasonable and necessary expenses in employing a nurse for her proper care and treatment.

Appellant Isabelle C. Fooshe Houser was injured in San Antonio while on a trip from California to Florida, when the car in which she was riding was hit from the rear by a van truck owned by appellee. Mrs. Houser testified that she had suffered a great deal of pain since such accident; that prior to the accident she was healthy and able to work; that in addition to helping her husband in his business activities she had done seamstress work and that her average monthly income was in excess of $300.00, but that such work was seasonal; that since the accident she had been unable to work, and that for a time she had to employ a nurse to attend to her. There was

medical testimony that as a result of the accident Mrs. Houser had suffered neck and back injuries and had a disc herniation, and testimony by one doctor, that he recommended surgery on her back and neck as necessary. There was testimony of past medical bills in the amount of approximately $500.00. On the other hand, there was testimony that the collision was a minor one. The driver of the van truck testified that he was almost completely stopped when he hit the station wagon in front of him, and that he had barely tapped the car in which Mrs. Houser was riding. There was also testimony by a person who lived in the vicinity of the accident, who inspected the vehicles right after the accident, that the only damage that he could observe was a slight damage to the rear bumper of Mrs. Houser's car. The testimony also reveals that Mrs. Houser did not seek or obtain any medical or hospital attention in San Antonio after the accident, and continued on her trip to Florida in the same automobile, arriving there the next morning. There is no evidence that appellant had any visible injury at the time of the accident. An orthopedic surgeon testified that in his opinion there was very little possibility that Mrs. Houser could have suffered a herniated disc from the type of accident involved. Since the damage awarded was a blanket award, it is not possible to determine what amount the jury awarded with respect to the various elements of damage.

The jury heard the testimony of the witnesses, observed their demeanor and conduct on the witness stand, and the credibility and weight to be given their testimony are within the province of the jury. While this Court has the power to grant a new trial if the findings of the jury or court are so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust, we are not authorized to substitute our judgment for that of the jury because we might have reached a different conclusion on the facts. Adams v. Houston Belt & Terminal Ry. Co., 405 S.W.2d 838 (Tex.Civ.App.—Houston 1966, no writ). This Court in Green v. Rudsenske, Tex.Civ.App., 320 S.W.2d 228 (1959, no writ), said: "The measure of damages in a personal injury case cannot be measured by a mathematical yardstick. Each case must be measured by its own facts and considerable discretion and latitude must necessarily be vested in a jury." This Court has recently upheld an award of $200,000 in a personal injury case where there was a complaint of the excessiveness of the damage award. Missouri Pacific Railroad Co. v. Miller, Tex.Civ.App., 426 S.W.2d 569 (1968), and an award in another personal injury case of $55.00 for one plaintiff and $30.00 for another, Ruffo v. Wright, Tex.Civ.App., 425 S.W.2d 663 (1968), where the complaint was that the damages awarded were inadequate, and reference is here made to both of these cases for a discussion of applicable rules in this type of case.

We cannot say from an examination of the record that inadequate damages were awarded to Mrs. Houser, or that the findings of the jury as to the damages are so against the great weight and preponderance of the evidence as to be manifestly unfair and unjust. Ruffo v. Wright, supra; Armstead v. Harvey, 390 S.W.2d 871 (Tex. Civ.App.—Texarkana 1965, no writ); Harbuck v. Ramos, 371 S.W.2d 912 (Tex.Civ. App.—Fort Worth 1963, no writ); McDonald, Texas Civil Practice, § 18.15. Appellants points of error pertaining to damages that seek a remand are overruled.

The judgment of the trial court is reversed and judgment here rendered that appellants have and recover from appellee the sum of $5,000.00, together with interest at the rate of 6% per annum from date of judgment. All costs are assessed against appellee.