Larry Gene **ALLEN** and G. L. Strother, Individually and D/B/A L & L Trucking Company, Appellant,

v.

Donald Berry **WHISENHUNT**, Appellee.

No. A2354.

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 18, 1980.

Rehearing Denied July 9, 1980.

---

Thomas J. Hannsz, William M. Tinch, Houston, for appellants.

Gordon E. Davenport, Jr., Britt, Brown & Todd, Alvin, for appellee.

Before BROWN, C. J., and MILLER and PAUL PRESSLER, JJ.

PAUL PRESSLER, Justice.

This is an appeal from the award of damages in a personal injury action. We affirm the judgment of the trial court.

Appellee was severely injured in a collision in which the car which he was driving was struck by a truck driven by appellant Allen and owned by appellant Strother, d/b/a L & L Trucking Company. As a result of the collision appellee brought this action to recover damages for the injuries sustained. Appellant Allen was alleged to have been acting within the course and scope of his employment at the time of the collision. In the pleadings upon which appellee went to trial, he sought $25,000.00 for severe nervous shock, mental and physical pain and suffering, mental anguish, physical impairment, loss of wages, and a diminished capacity to work and earn money in the future. Additionally, he sought $5,000.00 for past and future medical and hospital services. The damages sought totaled $30,000.00. The cause was tried to a jury which found both appellee and appellant Allen guilty of acts of negligence which were the proximate cause of appellee's injuries. In so doing, the jury found

that ten percent of appellee's negligence caused the collision and injuries, and ninety percent of appellant Allen's negligence caused the accident and injuries. The jury further found damages of $6,000.00 for past and future physical pain and mental anguish, $3,500.00 for loss of earnings in the past, $4,000.00 for loss of earning capacity in the future, $1,000.00 for past physical impairment and $30,000.00 for future physical impairment. Additionally, appellee was awarded $6,000.00 for past and future medical and hospital services, resulting in total damages of $50,500.00. All of appellants' points of error pertain only to the award of damages for physical impairment, past and future.

Appellants contend that it was error to submit Special Issues 14(e) and (f) because there was no evidence to support their submission and any damages found and awarded in response to those special issues would constitute a double recovery. Special Issues 14(e) and (f) required the jury to determine what sum of money would reasonably compensate appellee for past and future physical impairment. Appellants did not, however, raise any objection to the form or substance of these Special Issues prior to their submission. Consequently, these objections were waived and cannot be raised for the first time on appeal. *Allen v. American National Insurance Company*, 380 S.W.2d 604 (Tex.1964); Tex.R.Civ.P. 272, 274. Additionally, there was no duplication of elements of damage in the issues. *Mikell v. La Beth*, 344 S.W.2d 702, 709 (Tex.Civ.App.—Houston 1961, writ ref'd n. r. e.).

Next, appellants argue that there is insufficient evidence in the record to sustain the award of damages for physical impairment. As this court has previously noted, the injured party must "sustain the burden of proving that the effect of his physical impairment extends beyond any impediment to his earning capacity and beyond any pain and suffering to the extent that it produces a separate and distinct loss that is substantial and for which he should be compensated." *Green v. Baldree*, 497

S.W.2d 342 (Tex.Civ.App.—Houston [14th Dist.] 1973, no writ).

Appellee's brother, David Whisenhunt, testified that, prior to the accident which resulted in this suit, appellee had mowed his brother's lawn on a regular basis and that he and appellee had frequently played basketball together. Subsequent to the accident, appellee no longer mowed his brother's lawn, nor did they play any more basketball. The testimony of the attending physician indicated that appellee would no longer be able to engage in manual labor, affecting not only his prospects for future employment, but also his ability to engage in strenuous tasks or activities for his own benefit or enjoyment. We hold this to constitute sufficient evidence to support an award of damages for physical impairment.

Appellants also allege as error the action of the court in allowing appellee leave to file a post-verdict trial amendment increasing the damages plead to conform to the jury's verdict. The filing of a trial amendment is within the sound discretion of the trial court and no reversible error exists absent a clear showing of abuse of that discretion. *Irwin v. Whirley*, 538 S.W.2d 150 (Tex.Civ.App.—Waco 1976, no writ); Tex.R.Civ.P. 66. Appellants have failed to demonstrate any abuse of discretion.

Finally, appellants contend that the jury award of $31,000.00 in damages for past and future physical impairment resulting from the accident is excessive and that a remittitur should be ordered. We cannot agree. Personal injury damages are unliquidated and particularly insusceptible to measurement by a certain standard. Consequently, the jury must be afforded broad discretion in fixing the amount of the award. *Southern Pacific Transportation Company v. Peralez*, 546 S.W.2d 88 (Tex. Civ.App.—Corpus Christi 1976, writ ref'd n. r. e.). In determining whether a verdict is excessive, we must review only that evidence which is favorable to the award. If there is any evidence to sustain the award, the findings of the jury with regard thereto

will not be disturbed on the grounds of excessiveness. *Hammond v. Stricklen*, 498 S.W.2d 356 (Tex.Civ.App.—Tyler 1973, writ ref'd n. r. e.). That this Court may have awarded a lesser sum as fact finders is irrelevant; absent some evidence, implicit or explicit, of jury bias or prejudice, we must give every intendment to the evidence supporting the verdict. *Hammond v. Stricklen, supra.* Based on the record before us, neither the amount of the award, nor any other evidence establishes the existence of jury bias or prejudice, nor is the award so against the overwhelming weight and preponderance of the evidence as to be manifestly wrong and unjust. *Whaley v. Transport Insurance Company*, 559 S.W.2d 451 (Tex.Civ.App.—Tyler 1977, writ ref'd n. r. e.).

Affirmed.