**AFFIRM in Part, REVERSE in Part, and REMAND; Opinion Filed December 4, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-01216-CV

### AMBER M. CATE, Appellant
### V.
### CAROLYN S. POSEY, Appellee

**On Appeal from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-10278-M**

# MEMORANDUM OPINION

Before Justices Lang, Fillmore, and Schenck
Opinion by Justice Schenck

The trial court entered a no-answer default judgment against appellant Amber M. Cate in a suit brought by appellee Carolyn S. Posey for injuries sustained in an automobile accident. Cate brings this restricted appeal and urges in six issues that the default judgment should be overturned because appellee Carolyn S. Posey failed to comply with service of citation rules and the evidence is insufficient to support the damages awarded. We affirm in part and reverse and remand in part. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

### BACKGROUND

Posey sued Cate on August 22, 2016, alleging she suffered injuries and incurred damages caused by Cate's negligence. The petition stated that Cate could be served at an address in Irving, Texas. On August 24, 2016, a citation issued to Cate at the address cited in the petition. The

return of service dated September 12, 2016, indicates that the citation, original petition and request for disclosure were personally delivered to Cate at 618 Oakridge Lane, Irving, Texas. Cate failed to answer, and on February 28, 2017, the trial court entered an interlocutory default judgment against her as to liability. On April 28, 2017, the trial court conducted an evidentiary hearing on unliquidated damages. Posey testified at that hearing. She described the extent to which the accident and the injuries she suffered have affected her, which we detail in our sufficiency analysis below. At the conclusion of the hearing, the trial court entered a final default judgment awarding Posey $8,153 for past medical expenses, $2,500 for future medical expenses, $10,000 for past pain, $5,000 for past mental anguish, $5,000 for future pain, $10,000 for past physical impairment, and $10,000 for future physical impairment, plus interest and costs of court. Cate subsequently filed a notice of restricted appeal.

DISCUSSION

## I.        Restricted Appeal

In her first issue, Cate asserts she is entitled to review by restricted appeal. A restricted appeal is a direct attack on the trial court's judgment that affords an appellant the same scope of review as an ordinary appeal, that is, review of the entire case. *See Gunn v. Cavanaugh*, 391 S.W.2d 723, 724 (Tex. 1965). In a restricted appeal, a party must satisfy four elements to obtain reversal of the underlying judgment: (1) a notice of the restricted appeal must be filed within six months after the date of the judgment; (2) by a party to the suit; (3) who did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error must be apparent on the face of the record. TEX. R. APP. P. 26.1(c), 30; *Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009). The face of the record, for purposes of a restricted appeal review, consists

of all papers filed in the appeal, including the reporter's record. *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997).

Cate filed her notice of restricted appeal within six months of the final default judgment, she is a party to the suit and she did not participate in the default hearings and did not file any post-judgment motions or request findings of fact and conclusions of law. Thus, the issue presented in this case is whether there is error apparent on the face of the record.

For the reasons specified herein, we conclude Cate has established that there is error apparent on the face of the record as to the damage awards for past and future medical expenses. There is not error apparent on the face of the record, however, as to service or the remaining damages. Accordingly, we sustain Cate's first issue as to damages for past and future medical expenses and overrule her first issue as to the remaining damages and as to service.

## II. Service of Citation

In her second issue, Cate urges there is error on the face of the record because the return of service contains an address that differs from the address on the citation. Strict compliance with the rules governing service of citation is mandatory if a default judgment is to withstand an attack on appeal. *Primate Constr. Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994). Failure to comply with these rules constitutes error on the face of the record. *Id.* at 153. Rule 107 of the Texas Rules of Civil Procedure governs the return of service and provides in relevant part as follows:

> The return of the officer or authorized person executing the citation shall be endorsed on or attached to the same; it shall state when the citation was served and the manner of service and be signed by the officer officially or by the authorized person. The return of citation by an authorized person shall be verified.

TEX. R. CIV. P. 107. If any of the requirements of rule 107 are not met, the return is fatally defective and will not support a default judgment under direct attack. *Travieso v. Travieso*, 649 S.W.2d 818, 820 (Tex. App.—San Antonio 1983, no writ). Strict compliance, however, does not require obeisance to the minutest detail. *Williams v. Williams*, 150 S.W.3d 436, 443–44 (Tex. App.—

Austin 2004, pet. denied). As long as the record as a whole shows that the citation was served on the defendant, service of process will not be invalidated. *Id.* at 444.

Cate contends that the citation was defective because the return of service and the citation contain different addresses.[1] Specifically, Cate argues that because the address on the return of service does not match the address on the citation, service did not strictly comply with the rules governing a valid return of citation. We disagree. Although it is clear from the record that the address on the return of service differs from the address in the citation, controlling authority provides that the citation and return need not recite the same address. TEX. R. CIV. P. 107; *Myan Mgmt. Grp. L.L.C. v. Adam Sparks Family Revocable Trust*, 292 S.W.3d 750, 754 (Tex. App.—Dallas 2009, no pet.). In fact, rule 107 does not even require that the return include an address at all. TEX. R. CIV. P. 107; *Myan Mgmt.*, 292 S.W.3d at 754. Nor does rule 106, governing the method of service, state that when a party is personally served, as in this case, service must be at the address listed in the citation. TEX. R. CIV. P 106; *Then West, Inc./Bait House, Inc. v. Sorrells*, No. 05-01-01874-CV, 2002 WL 1397477, at *4 (Tex. App.—Dallas June 28, 2002, no pet.) (not designated for publication).

Moreover, in this case, it is clear that the return strictly complies with the express requirements of rule 107. The return states that Cate was served by personal delivery at the time and date recited. Significantly, Cate does not dispute that she was personally served at the address stated in the return of service. *See Silver B & Laviolette, LLC v. GH Contracting, Inc.*, No. 03-10-00091-CV, 2010 WL 4053791, at *3 (Tex. App.—Austin Oct. 12, 2010, no pet.) (mem. op.). Accordingly, we conclude that the return meets the standard of strict compliance and that there is

---

[1] The citation was directed to Amber M. Cate, and it listed her address as 2835 Pritchett Dr., Irving, TX 75061. The return of service shows it was executed at 618 Oakridge Lane, Irving, TX 75061.

nothing on the face of the record that demonstrates defective service.  We overrule Cate's second issue.

### III.  Sufficiency of Evidence of Damages

In her third through sixth issues, Cate urges there is error on the face of the record because the evidence presented is insufficient to support the damages awarded.[2]

#### A.  Standard of Review

The legal and factual sufficiency of the evidence to support an award of unliquidated damages may be challenged on appeal from a no-answer default judgment.  *Argyle Mech., Inc. v. Unigus Steel, Inc.*, 156 S.W.3d 685, 687 (Tex. App.—Dallas 2005, no pet.).  Where a specific attack is made upon the sufficiency of the evidence to support the trial court's determination of damages in a default judgment, the appellate court must review the evidence produced.  *Dawson v. Briggs*, 107 S.W.3d 739, 751 (Tex. App.—Fort Worth 2003, no pet.).

We will sustain a legal sufficiency or "no evidence" challenge if the record shows one of the following: (1) a complete absence of a vital fact; (2) rules of law or evidence bar the court from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a scintilla; or (4) the evidence establishes conclusively the opposite of the vital fact.  *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005).  We consider the evidence in the light most favorable to the judgment and indulge every reasonable inference that supports it.  *See id.* at 821–22.  In reviewing a factual sufficiency challenge, we examine all the evidence.  *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241–42 (Tex. 2001).  We will reverse only if the finding is against the great weight and preponderance of the evidence.  *Id.*

---

[2] Cate does not challenge the award of $10,000 for past physical pain.

### B. Past and Future Medical Expenses – Cate's Third Issue

Cate contends Posey's evidence of medical expenses does not comply with the affidavit requirement of section 18.001 of the Texas Civil Practices and Remedies Code, and in the absence of comporting affidavits, she is required to use expert testimony to prove her medical expenses were reasonable and necessary. Cate is correct. A claim for past medical expenses must be supported by evidence that such expenses were reasonable and necessary as a result of the injury. *See Texarkana Mem'l Hosp., Inc. v. Murdock*, 946 S.W.2d 836, 840 (Tex. 1997). A default judgment does not relieve a plaintiff of this burden. *Jackson v. Gutierrez*, 77 S.W.3d 898, 902–03 (Tex. App.—Houston [14th Dist.] 2002, no pet.). A plaintiff can prove reasonableness and necessity of past medical expenses through (1) expert testimony on the issues of reasonableness and necessity or (2) an affidavit prepared and filed in compliance with section 18.001 of the Texas Civil Practice and Remedies Code. *Murdock*, 946 S.W.2d at 840.

Cate did not present expert testimony on the reasonableness and necessity of past medical expenses. Rather, she presented a Cost of Services Affidavit for medical services she received from K-Clinic. No controverting affidavit was filed. Consequently, the affidavit will support a finding that the amount charged was reasonable and the service was necessary, if it states the amount charged for a service was reasonable at the time and place that the service was provided and that the service was necessary. TEX. CIV. PRAC. & REM. CODE ANN. § 18.001(b). In addition, the affidavit must: (1) be taken before an officer with authority to administer oaths; (2) be made by: (A) the person who provided the service; or (B) the person in charge of records showing the service provided and charge made; and (3) include an itemized statement of the service and the charge. *Id.* § 18.001(c).

The affidavit Posey presented supports a finding that the amount charged was reasonable at the time and place the service was provided and that the service was necessary. This evidence

was uncontroverted. Accordingly, the affidavit complies with section 18.001(b) and is legally sufficient. *See City of Laredo v. Limon*, No. 04-12-00616-CV, 2013 WL 5948129, at \*6 (Tex. App.—San Antonio Nov. 6, 2013, no pet.) (mem. op.) (An uncontroverted affidavit under section 18.001(b) provides legally sufficient evidence to support a jury's finding that the amount charged for a service was reasonable and necessary). Nevertheless, the evidence is factually insufficient to support the award of $8,153 for past medical expenses. Although the affidavit states it was taken before a notary public for the State of Texas, was made by a custodian of the records of K-Clinic and states that an itemized statement of the service and charge for service K-Clinic provided to Posey is attached thereto, the record before us contains no itemized statement. Accordingly, the face of the record does not show Posey complied with the requirements of section 18.001(c). Because Posey did not present expert testimony and did not present an affidavit in compliance with section 18.001, the evidence is factually insufficient to support the award of $8,153 for past medical expenses. *See Dow*, 46 S.W.3d at 241–42.

As to future damages for personal injuries, Texas follows the reasonable probability rule. *City of San Antonio v. Vela*, 762 S.W.2d 314, 321 (Tex. App.—San Antonio 1988, writ denied). Pursuant to this rule, Texas courts have consistently held that the award of future expenses rests with the fact finder. *Coring v. Thompson*, No. 05-98-00231-CV, 2000 WL 764930, at \*3 (Tex. App.—Dallas June 14, 2000, no pet.) (not designated for publication). The only requirement to support an award of future medical expenses is that there be evidence in the record of the reasonable value of past medical treatment and to establish the probable necessity of future medical treatment. *Thate v. Tex. & P. Ry. Co.*, 595 S.W.2d 591, 601 (Tex. App.—Dallas 1980, writ dism'd). Because we have concluded Posey failed to establish the reasonable value of past medical treatment, we likewise conclude the evidence is factually insufficient to support the award of $2,500 for future medical expenses. *Id.*

We sustain Cate's third issue. The supreme court has instructed that "when an appellate court sustains a no evidence point after an uncontested hearing on unliquidated damages following a no-answer default judgment, the appropriate disposition is a remand for a new trial on the issue of unliquidated damages." *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 86 (Tex. 1992). Thus, we will reverse and remand for a new trial on the issue of past and future medical expenses.

### C. Past and Future Physical Impairment, Past Mental Anguish and Future Pain and Suffering Damages – Cate's Fourth through Sixth Issues

The process of awarding damages for amorphous, discretionary injuries such as pain and suffering, physical impairment, and mental anguish is inherently difficult because the alleged injury is a subjective, unliquidated, nonpecuniary loss. *Ten Hagen Excavating, Inc. v. Castro-Lopez*, 503 S.W.3d 463, 486 (Tex. App.—Dallas 2016, pet. denied). The presence or absence of pain, either physical or mental, is an inherently subjective question because the process is not readily susceptible to objective analysis. *Dawson*, 107 S.W.3d at 751. Accordingly, the trier of fact is given discretion when determining such damages. *Sw. Tex. Coors, Inc. v. Morales*, 948 S.W.2d 948, 951–52 (Tex. App.—San Antonio 1997, no writ).

An award for mental anguish damages must be supported either by direct evidence of the nature, duration, and severity of the plaintiff's mental anguish, thereby establishing a substantial interruption in the plaintiff's daily routine, or by circumstantial evidence of a high degree of mental pain and distress that is greater than mere worry, anxiety, vexation, embarrassment, or anger. *Parkway Co. v. Woodruff,* 901 S.W.2d 434, 444 (Tex. 1995). Here, Posey testified about the pain she has suffered since the accident. She has pain in her back and neck that radiates to her arms, fingers, hips and legs. She discussed how the pain limits her activities. She further indicated that the pain and limitations have caused her to experience depression. Based on Posey's undisputed testimony, we hold that the evidence is legally sufficient to support the trial court's award of some monetary damages for mental anguish. *See Cotton Patch Café v. McCarty*, No. 02-05-00082-CV,

2006 WL 563307, at \*5 (Tex. App.—Fort Worth Mar. 9, 2006, no pet.) (mem. op.); *Fiske v. Fiske*, No. 01-03-00048-CV, 2004 WL 1847368, at \*3 (Tex. App.—Houston [1st Dist.] Aug. 19, 2004, no pet.) (mem. op.) (evidence of depression has been found to be legally and factually sufficient evidence of mental anguish damages because it constitutes more than mere worry, anxiety, vexation, embarrassment or anger); *Gerland's Food Fair, Inc. v. Hare*, 611 S.W.2d 113, 120 (Tex. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.) (evidence of depression supports a conclusion the plaintiff suffered mental anguish and mental anguish can be implied from injuries accompanied by physical pain).

As to pain and suffering, Posey testified that she suffers headaches, as well as back and neck pain that radiates to her arms, fingers, legs and hips as a result of the accident. Based on Posey's undisputed testimony, we hold that the evidence is legally sufficient to support the trial court's award of some monetary damages for future pain and suffering. *Cotton Patch*, 2006 WL 563307, at \*4.

As noted, the process of awarding damages for pain and suffering is inherently difficult because the alleged injury is a subjective, unliquidated, nonpecuniary loss. *Id.* The amounts awarded for such damages are necessarily speculative, and each case must be judged on its own facts. *Id.*

Even though each case must be judged on its own unique facts, it is proper to consider other approved awards in similar cases to determine if awards for pain and suffering and mental anguish are excessive. *HCRA of Tex., Inc. v. Johnston*, 178 S.W.3d 861, 872 (Tex. App.—Fort Worth 2005, no pet.). In *Smith*, the court of appeals concluded an award of $18,500 for past pain and suffering and mental anguish was not excessive to compensate a passenger who experienced pain in her neck and back following an automobile accident. *Smith v. Carter*, No. 12-11-00639-CV, 2012 WL 3252499, at \*5 (Tex. App.—Corpus Christi Aug. 9, 2012, pet. denied) (mem. op.).

In *Figueroa*, the court of appeals determined that an award of $10,000 for past and future pain and suffering was not excessive to compensate a driver who sustained neck, back and teeth injuries in an automobile accident that gave rise to his personal injury action. *Figueroa v. Davis*, 318 S.W.3d 53, 64 (Tex. App.—Houston [1st Dist.] 2010, no pet.). In *Dawson*, the court of appeals concluded an award of $25,000 in future pain and suffering was not excessive to compensate a motorist in a rear-end car accident who suffered pain in her back and neck as a result of the accident. *Dawson*, 107 S.W.3d at 752. We conclude the awards of $5,000 for past mental anguish and $5,000 for future pain and suffering are not excessive on this record. Accordingly, we overrule Cate's fifth and sixth issues.

In order to recover for physical impairment, the plaintiff must show that the effect of the physical impairment is substantial and extends beyond any pain, suffering, mental anguish, lost wages, or earning capacity. *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 772 (Tex. 2003). Damages for physical impairment are meant to compensate a plaintiff for an impairment of the capacity to enjoy life. *Day v. Domin*, No. 05-14-00467-CV, 2015 WL 1743153, at *2 (Tex. App.—Dallas Apr. 16, 2015, no pet.) (mem. op.). Posey testified that she sustained neck and back injuries as a result of the automobile accident in which her vehicle was rear-ended while she was at a complete stop. She is the caregiver for her 88-year-old mother and, because of the pain, some days she is restricted on what chores she is able to do and she is limited in her activity. She also testified she sometimes has to get others to help her because of the pain and limitations. Based on Posey's undisputed testimony, we hold that the evidence is legally sufficient to support the trial court's award of some monetary damages for past and future physical impairment.

Awards in similar cases can be relevant in analyzing whether an award of damages is excessive. *Critical Path Res., Inc. v. Cuevas*, No. 14-16-00036-CV, 2018 WL 1532343, at *28 (Tex. App.—Houston [14th Dist.] Mar. 29, 2018), *supplemented*, No. 14-16-00036-CV, 2018 WL

2106599 (Tex. App.—Houston [14th Dist.] May 8, 2018, no pet.). An award of $50,000 for future physical impairment was legally and factually sufficient for injuries sustained as a result of a rear-end collision in *Roberts v. Tatum*, 575 S.W.2d 138, 143–44 (Tex. App.—Corpus Christi 1978, writ ref'd n.r.e.). An award of $43,000 for past physical impairment was held not excessive to compensate a driver for injuries arising out of an intersection collision in *Terry v. Garcia*, 800 S.W.2d 854, 859 (Tex. App.—San Antonio 1990, writ denied). An award of $30,000 in damages for future physical impairment in an automobile collision case was found not to be excessive in *Allen v. Whisenhunt*, 603 S.W.2d 242, 244–45 (Tex. App.—Houston [14th Dist.] 1980, writ dism'd).[3]

In light of the evidence and decisions in other cases involving like injuries, we conclude the awards of $10,000 for past physical impairment and $10,000 for future physical impairment are not excessive. Accordingly, we overrule Cate's fourth issue.

### CONCLUSION

We reverse the trial court's judgment as to past and future medical expenses and remand the issues of past and future medical expenses to the trial court for a new trial. We otherwise affirm the trial court's judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

171216F.P05

---

[3] *See also*, *Roberts v. Tatum*, 575 S.W.2d 138, 1443–44 (Tex. App.—Corpus Christi 1978, writ ref'd n.r.e.) (an award of $25,000 for past physical impairment in a rear-end collision case was not excessive); *Plainview Motels, Inc. v. Reynolds*. 127 S.W.3d 21, 39 (Tex. App.—Tyler 2003, pet. denied) (an award of $25,000 for future impairment where the plaintiff suffered a back injury after a stack of mirrors fell on him was upheld).



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

AMBER M. CATE, Appellant

No. 05-17-01216-CV    V.

CAROLYN S. POSEY, Appellee

On Appeal from the 298th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-16-10278-M.
Opinion delivered by Justice Schenck.
Justices Lang and Fillmore participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's judgment awarding appellee past and future medical expenses. In all other respects, the trial court's judgment is **AFFIRMED**. We **REMAND** this cause to the trial court for further proceedings as to past and future medical expenses.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 4th day of December, 2018.